IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GENGHISCOMM HOLDINGS, LLC | § |
| *Plaintiff,* | § § § |
| v. | §   Case No. 2:22-cv-00142-RWS-RSP |
| DEPARTMENT 13, INC., | § § § |
| *Defendant.* | § |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff GenghisComm Holdings, LLC ("GenghisComm") and Third-Party Defendant Steve Shattil's Motion to Dismiss Defendant, Third-Party Plaintiff Department 13, Inc.'s ("D13") Counterclaims (Dkt. No. 12) and Third-Party Complaint (Dkt. No. 14) as to GenghisComm and Mr. Shattil. **Dkt. No. 18**. For the following reasons, the motion to dismiss should be **DENIED**.

I.     BACKGROUND

On May 11, 2022, GenghisComm filed suit against D13, claiming that (1) D13 had breached the Termination of Patent License Agreement ("TPA") and (2) the TPA qualifies as an "account stated" between GhengisComm and D13 under Colorado law.[1] D13 answered the complaint and filed counterclaims against GenghisComm and Third-Party Defendant Steve Shattil—the President of GenghisComm and former Chief Technology Officer of D13.[2] D13's counterclaims against GhenghisComm and Steve Shattil include (1) conspiracy to defraud, (2) unfair competition, (3) unjust enrichment, and (4) a request for declaratory judgment pursuant to 28 U.S.C. § 2201. On August 1, 2022, GhenghisComm and Steve Shattil filed the motion to

---

[1] Dkt. No. 2 at 7–8.
[2] Dkt. No. 12 at 14; Dkt. No. 14 at 3.

dismiss the counterclaims and third-party complaint.[3] GenghisComm and Steve Shattil also seek attorney's fees for preparing and filing the motion to dismiss.[4]

The events giving rise to this dispute occurred over multiple years and involve several agreements. The pleadings recite that, starting in 2015, Jonathan Hunter, on behalf of D13 and its company predecessor, entered into several patent licensing agreements with Steve Shattil.[5] In March of 2018, Steve Shattil acting on behalf of GenghisComm, and Jonathan Hunter acting on behalf of D13, executed the Amended and Restated Patent Licensing Agreement ("PLA") in which D13 reaffirmed its commitment to pay GenghisComm for a license to certain GenghisComm patents.[6] On February 10, 2022, Mr. Hunter, signing as CEO of D13, and Steve Shattil, signing as President of GhenghisComm, executed the Termination of Patent License Agreements (TPA) to retroactively take effect as of November 1, 2021.[7]

According to the counterclaims, while Jonathan Hunter was employed by D13, his work required contact with Steve Shattil, who was D13's Chief Technology Officer from 2015 to 2020, and is currently the sole member of GenghisComm.[8] At the time Mr. Hunter entered into the TPA, he was an independent contractor for D13.[9] The CEO of D13 at the time was Lee Croft.[10] D13 contends that Mr. Hunter entered into the TPA on behalf of D13 without first notifying anybody at D13 of the agreement, providing any details or draft of the agreement, or informing anyone of his intent to sign the TPA.[11] D13 asserts that Mr. Hunter and Mr. Shattil entered into the TPA to acquire settlement leverage over D13 in a likely lawsuit due to the TPA

---

[3] Dkt. No. 18 at 2.
[4] Dkt. No. 18 at 2.
[5] *See* Dkt. No. 2-2 at 2.
[6] *See* Dkt. No. 2-2 at 2.
[7] *See* Dkt. No. 2-2 at 2, 15.
[8] Dkt. No. 12 at ¶¶ 3, 11; Dkt. No. 14 at ¶¶ 3, 11.
[9] Dkt. No. 12 at ¶ 9; Dkt. No. 14 at ¶ 9; Dkt. No. 14-1 at 2, 6.
[10] Dkt. No. 12 at ¶ 15; Dkt. No. 14 at ¶ 15.
[11] Dkt. No. 12 at ¶ 16; Dkt. No. 14 at ¶ 16.

recognizing an amount D13 owed to GenghisComm.[12] In addition, D13 contends that Mr. Shattil drafted the TPA, and Mr. Hunter entered into the agreement with terms significantly favoring GenghisComm.[13] D13 alleges that it was unaware of the TPA until GenghisComm's counsel provided it to D13 shortly before filing this suit in April 2022.[14] Finally, D13 asserts that the improper creation and execution of the TPA has forced D13 to incur legal fees and costs to investigate and challenge the wrongfully-based TPA.[15]

GenghisComm seeks to dismiss D13's counterclaims as allegedly failing to establish a plausible claim for relief. Thus, the issue is whether D13 has sufficiently pleaded its claims against GenghisComm and Steve Shattil.

## II.  LAW

Under the Federal Rules of Civil Procedure, a complaint must generally include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a sufficient claim if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).

---

[12] Dkt. No. 12 at ¶ 18; Dkt. No. 14 at ¶ 18.
[13] Dkt. No. 12 at ¶¶ 20, 22; Dkt. No. 14 at ¶¶ 20, 22.
[14] Dkt. No. 12 at ¶ 27; Dkt. No. 14 at ¶ 27.
[15] Dkt. No. 12 at ¶ 30; Dkt. No. 14 at ¶ 30.

Further, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

For claims of fraud or mistake, in addition to the requirements of Rule 8(a), a party must also "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs.*, 900 F.3d 640, 647–649 (5th Cir. 2018) ("And we are mindful that Rule 9(b) "does not supplant Rule 8(a)'s notice pleading…. Rather, Rule 9(b) 'supplements' Rule(8)(a)…."). Generally, claims of fraud require the party to lay out the "who, what, when, where, and how." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citations omitted). Nevertheless, the Fifth Circuit recognizes that the pleading requirements of 9(b) may be relaxed if "facts relating to the fraud are peculiarly within the perpetrator's knowledge." *United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 623 Fed. Appx. 622, 627 (5th Cir. 2015) (citations omitted).

## III.   ANALYSIS

As an initial matter, GenghisComm attempts to import facts from outside of the pleadings, which would only be appropriate if this were a motion for summary judgment.[16] Fed. R. Civ. P. 8(d). Accordingly, the Court will disregard any of GenghisComm's newly asserted facts.

### A.  Conspiracy to Defraud

Accepting D13's factual allegations set forth in the counterclaims as true, has D13 met the "particularity" requirement to plead a claim of conspiracy to defraud? The Court holds that it has.

D13 sets forth 24 paragraphs of factual allegations common to all of its counterclaims,[17] 12 of which particularly identify Mr. Shattil, GenghisComm, or both.[18] The counterclaims include seven additional paragraphs specific to the claim of fraud.[19] Even without applying the relaxed standard of facts relating to the fraud being peculiarly within the knowledge of Mr. Hunter and Mr. Shattil, which seems to be the case here, the counterclaims sufficiently establish the who, what, when, where, and how.[20] *Potter*, 607 F.3d at 1032. The "who" is Mr. Hunter and Mr. Shattil; the "what" is the scheme to stipulate to a debt for patents and then share in the proceeds; the "when" is in late 2021 to early 2022; the "where" is through negotiations between Mr. Hunter and Mr. Shattil concerning the TPA; and the "how" is by drafting and executing the TPA.[21] The factual allegations create a plausible claim of conspiracy to defraud. Nothing more is required at this stage.

---

[16] *See* Dkt. No. 18 at 1–6; Rule 12(b)(6).
[17] Dkt. No. 12 at ¶¶ 8–31.
[18] Dkt. No. 12 at ¶¶ 10, 11, 18, 19, 20, 21, 22, 24, 25, 27, 29, 30.
[19] Dkt. No. 12 at ¶¶ 63–69.
[20] Dkt. No. 12 at ¶¶ 8–31, 63–69; Dkt. No. 30 at 15–16.
[21] Dkt. No. 12 at ¶¶ 8–31, 63–69; Dkt. No. 30 at 15–16.

### B. Unfair Competition, Unjust Enrichment, and Declaratory Judgment

Accepting D13's factual allegations set forth in the counterclaims as true, has D13 pleaded sufficient facts to establish plausible claims of unfair competition, unjust enrichment, and a request for declaratory judgment? The Court holds that it has.

In addition to D13's 24 paragraphs of common factual allegations, D13 sets forth an additional 13 paragraphs of factual allegations for the remaining claims.[22] After reviewing the short, plain statements of the counterclaims, the Court can draw the reasonable inference that GenghisComm is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. at 664. There are "'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556). Nothing more is required at this stage.

### IV. CONCLUSION

For the reasons above, the motion to dismiss (Dkt. No. 18) should be **DENIED** in its entirety.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report

---

[22] Dkt. No. 12 at ¶¶ 8–31, 71–75, 77–79, and 81–85.

and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 8th day of March, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE