**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GENGHISCOMM HOLDINGS, LLC, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| DEPARTMENT 13, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| _____ | § | |
| | § | |
| DEPARTMENT 13, INC., | § | CIVIL ACTION NO. 2:22-cv-00142-RWS-RSP |
| | § | |
| *Counterclaimant, Third-Party Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| GENGHISCOMM HOLDINGS, LLC, | § | |
| | § | |
| *Counter Defendant*, AND | § | |
| | § | |
| STEVE SHATTIL, | § | |
| | § | |
| *Third-Party Defendant.* | § | |

## **ORDER**

Before the Court is GenghisComm's and Steve Shattil's motion to dismiss Department 13's counterclaims and third-party complaint as to GenghisComm and Mr. Shattil. Docket No. 18. In response to GenghisComm's Complaint (Docket No. 1), Defendant Department 13 ("D13") filed an answer and counterclaims (Docket No. 12), and a third-party complaint against Steve Shattil and Jonathan Hunter (Docket No. 14).[1] GenghisComm and Third-Party Defendant Mr. Shattil (collectively, "Movants") filed a motion to dismiss D13's counterclaims against

---

[1] All claims by D13 against Jonathan Hunter have been dismissed from the case by the Order (Docket No. 66) granting the stipulation of dismissal (Docket No. 62).

GenghisComm and claims against Mr. Shattil, which is currently pending before the Court. Docket No 18. The Magistrate Judge entered a report that recommends denying the Motion to Dismiss. Docket No. 89. Movants filed objections to the report and recommendation.[2] Docket No. 94. After conducting a *de novo* review of the pleadings, briefing and the Magistrate Judge's report and recommendation, the Court finds that the report and recommendation of the Magistrate Judge is correct for the reasons stated below. However, since the report and recommendation was entered, D13 filed amended counterclaims and an amended third-party complaint (Docket No. 91) that moot the pending motion to dismiss. Accordingly, the Court **ADOPTS-AS-MODIFIED** the report and recommendation of the Magistrate Judge (Docket No. 89) and **DENIES-AS-MOOT** the pending motion to dismiss (Docket No 18).

The Magistrate Judge's report and recommendation summarizes the factual allegations in the pleadings that led to the Amended and Restated Patent Licensing Agreement ("PLA") in which the parties consolidated multiple licensing agreements and D13 reaffirmed its commitment to pay GenghisComm for a license to certain GenghisComm patents. Docket No. 89 (citing Docket No. 2-2 at 2[3]). In addition, the Magistrate Judge identifies D13's factual allegations that led to the formation of the Termination of Patent Licensing Agreements ("TPA") and that form the basis for D13's asserted claims. Docket No. 89 at 2–3 (citing Docket No. 12 at ¶¶ 3, 9, 11, 15, 16, 18, 20, 22, 27, 30; Docket No. 14 at ¶¶ 3, 9, 11, 15, 16, 18, 20, 22, 27, 30; Docket No. 14-1 at 2, 6).

---

[2] Movants' objections have now been withdrawn. *See* Docket No. 98 (granting the unopposed motion, Docket No. 97, to withdraw Movants' objections). However, the motion to dismiss (Docket No. 18) has not been withdrawn and remains pending. And Movants' objections (Docket No. 94) were filed even after D13 filed its amended counterclaims and third-party complaint (Docket No. 91). Therefore, in this limited circumstance and out of an abundance of caution, the Court conducted a *de novo* review and includes discussion here regarding its *de novo* review.

[3] Citations correspond to those assigned via ECF.

In the briefing, Movants primarily argue that D13 had not sufficiently pled the conspiracy to defraud claim alleged in D13's counterclaims. *See generally* Docket No. 18; Docket No. 36.

The report and recommendation identifies multiple factual allegations in D13's counterclaims that are particularly relevant to the claim of conspiracy to defraud. For example, D13 alleges that, while Jonathan Hunter was employed by D13, his work required contact with Steve Shattil, who was D13's Chief Technology Officer ("CTO") from 2015 to 2020 and is currently the sole member of GenghisComm. Docket No. 89 at 2 (citing Docket No. 12 at ¶¶ 3, 11; Docket No. 14 at ¶¶ 3, 11). In March of 2018, Steve Shattil acting on behalf of GenghisComm (while Mr. Shattil was still CTO of D13), and Jonathan Hunter acting on behalf of D13, executed the PLA in which D13 agreed to pay royalties for a license to certain GenghisComm patents. *Id.* (citing Docket No. 2-2 at 2). On February 10, 2022, Mr. Hunter, signing as CEO of D13, and Steve Shattil, signing as President of GenghisComm, executed the TPA to retroactively take effect as of November 1, 2021. *Id.* (citing Docket No. 2-2 at 2, 15).

D13 further alleges that, at the time Mr. Hunter entered into the TPA, signing as CEO of D13, he was an independent contractor for D13 whereas Lee Croft was CEO of D13. *Id.* (citing Docket No. 12 at ¶¶ 9, 15; Docket No. 14 at ¶¶ 9, 14; Docket No. 14-1 at 2, 6). D13 contends that Mr. Shattil drafted the TPA, and Mr. Hunter entered into the agreement with terms significantly favoring GenghisComm. *Id.* at 3 (citing Docket No. 12 at ¶¶ 20, 22; Docket No. 14 at ¶¶ 20, 22). D13 asserts that Mr. Hunter entered into the TPA on behalf of D13 without first notifying anybody at D13 of the agreement, providing any details or draft of the agreement, or informing anyone of his intent to sign the TPA. *Id.* at 2 (citing Docket No. 12 at ¶ 16; Docket No. 14 at ¶ 16). D13 alleges that it was unaware of the TPA until GenghisComm's counsel provided it to D13 shortly before filing this suit in April 2022. *Id.* at 3 (citing Docket No. 12 at

¶ 27; Docket No. 14 at ¶ 27). D13 asserts that Mr. Hunter and Mr. Shattil entered into the TPA to acquire settlement leverage over D13 in a likely lawsuit due to the TPA recognizing an amount D13 owed to GenghisComm. *Id.* at 2–3 (citing Docket No. 12 at ¶ 18; Docket No. 14 at ¶ 18). Finally, D13 asserts that the improper creation and execution of the TPA has forced D13 to incur legal fees and costs to investigate and challenge the wrongfully-based TPA. *Id.* at 3 (citing Docket No. 12 at ¶ 30; Docket No. 14 at ¶ 30).

In addition, the report and recommendation recognizes that the relaxed standard for pleading fraud "seems to be the case here" as the facts relating to the conspiracy to defraud claims appear to be "peculiarly within the perpetrator's knowledge." *Id.* at 3; *United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 623 Fed. Appx. 622, 627 (5th Cir. 2015) (citations omitted). Taken together, the Court agrees with the Magistrate Judge that the counterclaims sufficiently plead a claim of conspiracy to defraud in a manner that satisfies both the general requirements of Rule 8(a) and the heightened requirements of Rule 9(b).

Movants also argued that D13 failed to sufficiently plead its claims of unfair competition, unjust enrichment, and a request for declaratory judgment to satisfy Rule 8(a). Docket No. 18 at 16. As the Magistrate Judge explains, in addition to the 24 paragraphs of common factual allegations, there are 13 additional paragraphs of factual allegations particularized as to the claims of unfair competition, unjust enrichment, and the request for declaratory judgment. Docket No. 89 at 6. The Court agrees that D13's counterclaims satisfy the plausibility standard under Rule 8(a). For all these reasons, the Court finds the Magistrate Judge's report and recommendation is correct.

However, since the Magistrate Judge's report and recommendation was entered, D13 filed amended counterclaims and an amended third-party complaint. Docket No. 91. Generally,

"the filing of an amended complaint moots a motion to dismiss the original complaint." *Ultravision Techs., LLC v. Eaton Corp. PLC*, No. 2:19-CV-00290-JRG, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 8, 2019). D13's amended counterclaims and amended third-party complaint (Docket No. 91) thus moot the pending motion to dismiss (Docket No. 18) D13's original counterclaims and third-party complaint. Accordingly, it is

**ORDERED** that the Magistrate Judge's report and recommendation (Docket No. 89) is **ADOPTED-AS-MODIFIED** as the opinion of the District Court. It is further

**ORDERED** that GenghisComm's and Steve Shattil's Motion to Dismiss (Docket No. 18) is **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 24th day of April, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE